UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
SEMYON GRINBLAT, individually and
and on behalf of others similarly situated,

               Plaintiff,

    -against-

1200 VICTORY MANAGEMENT
CORP., VICLOVE PROPERTIES, LLC;
JOHN DOES 1-X; CORPORATIONS 1-X

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-7300-FB-RML

*Appearances*:
*For the Plaintiff*:
ADAM DOUGLAS FORD
Ford & Crane, PLLC
228 Park Ave., Suite #96142
New York, NY 10003

*For the Defendants*:
MICHAEL S. ORR
Call & Jenson, PLLC
610 Newport Center Dr.
Suite 700
Newport Beach, CA 92660

**BLOCK, Senior District Judge:**

    Plaintiff's counsel filed a Suggestion of Death on March 4, 2021, indicating that his client, Semyon Grinblat, passed away on February 13, 2021. ECF No. 27. Plaintiff's counsel moves dismissal of the Grinblat's claims without prejudice. ECF No. 32. *Cf. Kernisant v. Cty of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) (holding that a decedent's lawyer had *"*standing" to file necessary procedural motions).

1

The Court construes counsel's motion as a request for dismissal under Federal Rules of Civil Procedure 25(a)(1). That Rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The rule's requirements are met here. A Suggestion of Death was filed 110 days ago, and Grinblat's counsel avers that Grinblat's heirs "do not intend to seek appointment of an executor" to pursue his claims. ECF No. 32 at 1.

The Court notes that Grinblat's proposed class was never certified, and no putative class members will suffer prejudice from a dismissal of the instant case. The Court further notes that it provided plaintiff's counsel an opportunity to substitute an appropriate class plaintiff, and that counsel responded to that opportunity by filing the instant motion to dismiss. *See* Minute Entry of April 27, 2021; ECF No. 32. *See also Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) (encouraging courts to give a reasonable time for class counsel to substitute a named plaintiff).

For the forgoing reasons, Counsel's motions to dismiss without prejudice and to withdraw from the case are **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.[1]

SO ORDERED.

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 25, 2021

---

[1] Ordinarily, a 25(a)(1) dismissal is an "involuntary dismissal" that must be entered "with prejudice." *See* Fed. R. Civ. P. 41(b). *See also Lungu v. New Island Hosp./St. Josepth Hosp.*, No. CV-11-0755(SJF)(GRB), 2012 WL 3115930, at \*\*1-2 (E.D.N.Y. Jul 24, 2012) (dismissing with prejudice under Rule 25(a)(1) after the plaintiff failed to respond to court orders). However, because Grinblat's attorney moves for "voluntary dismissal," the Court will exercise its authority under Federal Rule of Civil Procedure 41(a)(2) to dismiss this action without prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1096 (9th Cir. 2017) (rejecting "defendants' contentions that Rule 25(a)(1) required dismissal with prejudice and affirm[ing]. . . dismiss[al] without prejudice under Rule 41(a)(2)").